**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

In re:                                                          No. C 07-1539 SBA

ACTION DEVELOPMENT                          **ORDER DISMISSING CASE**
Tax I.D. 02-0549448                                      **ORDER TO SHOW CAUSE**

     Debtor

Michael Gray, et al.
     Appellants

Lois I. Brady, Trustee
     Appellee

     Currently before the Court are Appellee Lois I. Brady's motion for dismissal of plaintiff's bankruptcy appeal and motion for sanctions [Docket No. 12] and appellee Scripps Lake Merritt, LLC's motion for sanctions [Docket No. 15].

     On January 22, 2007, the trustee in the underlying bankruptcy case, Lois I. Brady, obtained an order from the Bankruptcy Court approving the sale of any claim or interest relating to a specific loan to the debtor, appellant Action Development, LLC, to Scripps Lake Merrit, LLC, ("Scripps"). Brady Decl., Exh. A. On February 1, 2007, attorney Cynthia Cox, purporting to represent the debtor (Action Development), Michael Gray (a principal of Action Development), as well as Newtown Construction (an unsecured creditor of the debtor in the bankruptcy proceeding) (collectively "appellants"), filed a motion for reconsideration with the Bankruptcy Court. Brady Decl., Exh. B. On February 26, 2007, the Bankruptcy Court *sua sponte* entered an order denying the motion. Kelly Decl., Exh. U. The Bankruptcy Court found that the motion for reconsideration did not have "sufficient merit to require that it be scheduled for hearing." *Id.*

     On March 8, 2007, the appellants filed a Notice of Appeal, in which appellants describe that they are appealing "the Order Denying Motion for Reconsideration of the bankruptcy judge entered on February 26, 2007 . . . " *See* Docket No. 1. Appellees filed the instant motions on July 31 and August

1, 2007, seeking dismissal of the appeal and sanctions on the grounds that: 1) the appeal was not perfected in a timely manner; 2) the appeal is based on a meritless motion for reconsideration in which the appellants failed to provide a single legally cognizable argument for the relief sought, making the appeal a waste of judicial resources; and 3) the appeal is moot, as the underlying property has already been sold. *See* Brady's Mot. to Dismiss [Docket No. 12] at 7. Additionally, appellees seek attorneys fees and costs as sanctions for appellants' filing of a frivolous appeal. Appellants did not filed any opposition or response to either motion.

This Court's Standing Order states at paragraph 8: "The failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion." Particularly in light of the Court's previous admonition to appellants' counsel at the June 28, 2007 case management conference that failure to prosecute this case may result in dismissal, dismissal of the appeal with prejudice is warranted here.

Accordingly, IT IS HEREBY ORDERED that appellee Brady's motion for dismissal of appellants' bankruptcy appeal and motion for sanctions [Docket No. 12] is GRANTED with respect to the request for dismissal but DENIED with respect to the request for sanctions. Appellee Scripps Lake Merritt, LLC's motion for sanctions [Docket No. 15] is DENIED.

IT IS FURTHER ORDERED that:

(1) Appellants and/or Appellants' counsel of record shall appear in Courtroom 3 of the United States Courthouse, 1301 Clay Street, Oakland, California, on **November 6, 2007, at 1:00 P.M.**, to show cause why appellees should not be awarded attorney's fees and costs incurred in responding to the appeal as sanctions against appellants Michael Gray, Action Development, LLC and Newtown Construction, as well as their counsel of record, Cynthia L. Cox, Esq. and Jon P. Rankin, Esq., jointly and severally.

(2) At least **fourteen** days prior to the above hearing, Appellants or Appellants' counsel of record must file a Certificate of Counsel with the Clerk of the Court, to explain why sanctions should not be imposed. The Certificate shall set forth the nature of the case and any basis for opposition to the imposition of sanctions.

(3) Please take notice that this Order requires **both** the specified court appearance **and** the filing of the Certificate of Counsel.  Failure to fully comply with this order will be deemed sufficient grounds for the imposition of sanctions.

IT IS SO ORDERED.

Dated: 10/3/07

*Saundra B Armstrong*

Saundra Brown Armstrong

United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ACTION DEVELOPMENT et al, | Case Number: CV07-01539 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| IN RE: ACTION DEVELOPMENT et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 4, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


U.S. Bankruptcy Court, Northern District of California, Oakland
1300 Clay Street
Suite 300
P.O. Box 2070
Oakland, CA 94604

Leslie Tchaikovsky
U.S. Bankruptcy Court
Northern District of California
1300 Clay St. #300
P.O. Box 2070
Oakland, CA 94604

Dated: October 4, 2007

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

4

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| In re: | No. C 07-1539 SBA |
| ACTION DEVELOPMENT<br>Tax I.D. 02-0549448 | **ORDER DISMISSING CASE**<br>**ORDER TO SHOW CAUSE** |
| Debtor | |
| Michael Gray, et al.<br>        Appellants | |
| Lois I. Brady, Trustee<br>        Appellee | |

Currently before the Court are Appellee Lois I. Brady's motion for dismissal of plaintiff's bankruptcy appeal and motion for sanctions [Docket No. 12] and appellee Scripps Lake Merritt, LLC's motion for sanctions [Docket No. 15].

On January 22, 2007, the trustee in the underlying bankruptcy case, Lois I. Brady, obtained an order from the Bankruptcy Court approving the sale of any claim or interest relating to a specific loan to the debtor, appellant Action Development, LLC, to Scripps Lake Merrit, LLC, ("Scripps"). Brady Decl., Exh. A. On February 1, 2007, attorney Cynthia Cox, purporting to represent the debtor (Action Development), Michael Gray (a principal of Action Development), as well as Newtown Construction (an unsecured creditor of the debtor in the bankruptcy proceeding) (collectively "appellants"), filed a motion for reconsideration with the Bankruptcy Court. Brady Decl., Exh. B. On February 26, 2007, the Bankruptcy Court *sua sponte* entered an order denying the motion. Kelly Decl., Exh. U. The Bankruptcy Court found that the motion for reconsideration did not have "sufficient merit to require that it be scheduled for hearing." *Id.*

On March 8, 2007, the appellants filed a Notice of Appeal, in which appellants describe that they are appealing "the Order Denying Motion for Reconsideration of the bankruptcy judge entered on February 26, 2007 . . . " *See* Docket No. 1. Appellees filed the instant motions on July 31 and August

1, 2007, seeking dismissal of the appeal and sanctions on the grounds that: 1) the appeal was not perfected in a timely manner; 2) the appeal is based on a meritless motion for reconsideration in which the appellants failed to provide a single legally cognizable argument for the relief sought, making the appeal a waste of judicial resources; and 3) the appeal is moot, as the underlying property has already been sold. *See* Brady's Mot. to Dismiss [Docket No. 12] at 7. Additionally, appellees seek attorneys fees and costs as sanctions for appellants' filing of a frivolous appeal.  Appellants did not filed any opposition or response to either motion.

This Court's Standing Order states at paragraph 8: "The failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion." Particularly in light of the Court's previous admonition to appellants' counsel at the June 28, 2007 case management conference that failure to prosecute this case may result in dismissal, dismissal of the appeal with prejudice is warranted here.

Accordingly,  IT IS HEREBY ORDERED that appellee Brady's motion for dismissal of appellants' bankruptcy appeal and motion for sanctions [Docket No. 12] is GRANTED with respect to the request for dismissal but DENIED with respect to the request for sanctions.  Appellee Scripps Lake Merritt, LLC's motion for sanctions [Docket No. 15] is DENIED.

IT IS FURTHER ORDERED that:

(1) Appellants and/or Appellants' counsel of record shall appear in Courtroom 3 of the United States Courthouse, 1301 Clay Street, Oakland, California, on **November 6, 2007, at 1:00 P.M.**, to show cause why appellees should not be awarded attorney's fees and costs incurred in responding to the appeal as sanctions against appellants Michael Gray, Action Development, LLC and Newtown Construction, as well as their counsel of record, Cynthia L. Cox, Esq. and Jon P. Rankin, Esq., jointly and severally.

(2) At least **fourteen** days prior to the above hearing, Appellants or Appellants' counsel of record must file a Certificate of Counsel with the Clerk of the Court, to explain why sanctions should not be imposed.  The Certificate shall set forth the nature of the case and any basis for opposition to the imposition of sanctions.

(3) Please take notice that this Order requires **both** the specified court appearance **and** the filing of the Certificate of Counsel. Failure to fully comply with this order will be deemed sufficient grounds for the imposition of sanctions.

IT IS SO ORDERED.

Dated: 10/3/07

*Saundra B Armstrong*

Saundra Brown Armstrong

United States District Judge

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ACTION DEVELOPMENT et al, | Case Number: CV07-01539 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| IN RE: ACTION DEVELOPMENT et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 4, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

U.S. Bankruptcy Court, Northern District of California, Oakland
1300 Clay Street
Suite 300
P.O. Box 2070
Oakland, CA 94604

Leslie Tchaikovsky
U.S. Bankruptcy Court
Northern District of California
1300 Clay St. #300
P.O. Box 2070
Oakland, CA 94604

Dated: October 4, 2007

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

4