**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

In re:                                                                                    No. C 07-1539 SBA

ACTION DEVELOPMENT                                           **ORDER**
Tax I.D. 02-0549448

    Debtor

---

Michael Gray, et al.
    Appellants

Lois I. Brady, Trustee
    Appellee

---

    On October 4, 2007, this Court issued an Order to Show Cause why appellees Lois I. Brady and Scripps Lake Merritt, LLC should not be awarded attorneys' fees and costs incurred in responding to the appellants' bankruptcy appeal as sanctions against appellants Michael Gray, Action Development, LLC and Newtown Construction, as well as their counsel of record, Cynthia L. Cox, Esq. and Jon P. Rankin, Esq., jointly and severally. *See* Docket No. 22. Despite being ordered to do so, neither appellants nor their counsel filed any response to the Order to Show Cause, and therefore the Court finds this matter appropriate for resolution without a hearing. For the reasons articulated below, the Court orders sanctions against appellants.

**BACKGROUND**

    The facts related to the underlying bankruptcy case are complicated and not entirely relevant to this order, and therefore a brief procedural history is provided as follows.

    On January 22, 2007, the trustee in the underlying bankruptcy case, Lois I. Brady, obtained an order from the Bankruptcy Court approving the sale of any claim or interest relating to a specific loan to the debtor, appellant Action Development, LLC, to Scripps Lake Merrit, LLC, ("Scripps"). *See* Docket No. 10, Brady Decl., Exh. A. On February 1, 2007, attorney Cynthia Cox, purporting to represent the debtor (Action Development), Michael Gray (a principal of Action Development), as well

as Newtown Construction (an unsecured creditor of the debtor in the bankruptcy proceeding) (collectively "appellants"), filed a motion for reconsideration with the Bankruptcy Court. Brady Decl., Exh. B. On February 26, 2007, the Bankruptcy Court *sua sponte* entered an order denying the motion. *See* Docket No. 17, Kelly Decl., Exh. U. The Bankruptcy Court found that the motion for reconsideration did not have "sufficient merit to require that it be scheduled for hearing." *Id.*

On March 8, 2007, the appellants filed a Notice of Appeal, in which appellants stated that they were appealing "the Order Denying Motion for Reconsideration of the bankruptcy judge entered on February 26, 2007 . . . " *See* Docket No. 1. No designation of record or statement of issues was filed by appellants within the ten day period after filing appellants' notice of appeal, as required by Bankruptcy Rule 8006. On May 18, 2007, Scripps' counsel wrote to appellants' counsel providing to her a copy of appellee's motion for sanctions, and requesting that she dismiss her appeal within 21 days. Kelly Decl., Exh. Y.  Appellants' counsel did not respond.

During this Court's status conference held on June 28, 2007, the Court admonished appellants' counsel that she had until June 29, 2007 to perfect the appeal or this matter may be dismissed. *See* Docket No. 7. Appellants filed a statement of issues on appeal and a designation of the record on appeal on June 29, 2007. Brady Decl., Exh. F. Appellees filed a motions to dismiss and for sanctions on July 31 and August 1, 2007, seeking dismissal of the appeal and sanctions on the grounds that 1) the appeal was not perfected in a timely manner; 2) the appeal was based on a meritless motion for reconsideration in which the appellants failed to provide a single legally cognizable argument for the relief sought, making the appeal a waste of judicial resources; and 3) the appeal was moot, as the underlying property has already been sold. *See* Docket No. 9 at 7.

Appellants did not file any opposition or response to either motion, and on October 4, 2007, the Court granted the motion to dismiss as unopposed. *See* Docket No. 22. While the Court denied the motions for sanctions, in the interest of providing appellants with a final chance to avoid sanctions, the Court issued an Order to Show Cause why appellees should not be awarded attorneys' fees and costs incurred in responding to the appellants' bankruptcy appeal as sanctions. *Id.* Appellants were ordered

to file a response to the Order to Show Cause no later than 14 days before the November 6, 2007 hearing. *Id.* Appellants did not respond to the Order to Show Cause.

Appellee Scripps Lake Merritt is seeking $20,000 in attorneys' fees and costs as sanctions. Appellee Lois I. Brady has not specified the specific amount of sanctions she is seeking.

## **LEGAL STANDARD**

Rule 8020 of the Federal Rules of Bankruptcy Procedure provides that "[i]f a district court ... determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous, it may, ... award just damages and single or double costs to the appellee." Fed. R. Bankr. Proc. 8020. The district court has discretion to award attorney's fees and double or single costs against litigants who prosecute frivolous appeals. *Gattuso v. Pecorella*, 733 F.2d 709, 710 (9th Cir. 1984). A "frivolous" appeal is one where the result is obvious or the arguments are wholly without merit. *In re Burkhart*, 84 B.R. 658, 661 (9th Cir.1988). Sanctions against counsel are appropriate where counsel misrepresents facts, makes unwarranted claims, pursues an appeal of an action clearly barred by law, or otherwise multiplies the proceedings vexatiously. *See Malhiot v. Southern California Retail Clerks Union*, 735 F.2d 1133, 1138 (9th Cir. 1984); *Kalombo v. Hughes Market, Inc.*, 886 F.2d 258 (9th Cir. 1989).

## **ANALYSIS**

Since appellants have utterly failed to respond to either the motions to dismiss or the motions for sanctions, and are in direct violation of this Court's Order to Show cause by failing to file any response to it, the Court need not reach appellees' arguments that sanctions should be awarded because the underlying appeal was meritless. By forcing two law firms to file motions to dismiss, to which appellants did not bother to respond, and by violating this Court's Order to Show Cause, appellants and their counsel have wasted both appellees' and this Courts' time, and have demonstrated their lack of respect for this Court, and shall be sanctioned accordingly.

However, even were the Court to reach the issue of the merits of the appeal, it does appear that the appeal was, in fact, meritless. As the underlying assets were sold in January 2007, there is no live controversy and the appeal is moot. *See* Docket No. 15 at 5. Having been apprised of this fact as early

1 as May 2007, and having been admonished by the Court to carefully consider the merits of the appeal
2 and to withdraw it if it is meritless, rather than withdraw the appeal, appellants instead forced appellees
3 to expend their own respective resources responding to appellants' meritless lawsuit. Under such
4 circumstances, sanctions in the form of attorney's fees and costs are wholly appropriate.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that appellees are awarded attorney's fees and costs incurred in responding to the appeal as sanctions against appellants Michael Gray, Action Development, LLC and Newtown Construction, as well as their counsel of record, Cynthia L. Cox, Esq. and Jon P. Rankin, Esq., jointly and severally.

Appellees are ordered to file and serve a motion for allowance of fees describing the services rendered in connection with the motions for dismissal of the appeal and for sanctions, with attached time sheets, within 14 days of the date of the order awarding sanctions. Appellants and their attorneys shall file and serve an opposition to the Motion for Allowance of Fees within 10 days of receipt of the motion, and appellees may file and serve a reply to the opposition within 7 days of receipt of the opposition.

IT IS SO ORDERED.

Dated: 11/14/07

*Saundra B Armstrong*
Saundra Brown Armstrong
United States District Judge