```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
                           OAKLAND DIVISION
```

In re:                                              No. C 07-1539 SBA

ACTION DEVELOPMENT                                  **ORDER**
Tax I.D. 02-0549448                                 [Docket Nos. 26, 27, 30]

    Debtor

Michael Gray, et al.
    Appellants

Lois I. Brady, Trustee
    Appellee

    Currently before the Court are appellees Lois I. Brady and Scripps Lake Merritt, LLC's motions for allowance of attorneys' fees [Docket Nos. 26 & 27] and appellant Newtown Construction's motion to set aside sanctions [Docket No. 30]. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. For the reasons articulated below, the motions for attorneys' fees are GRANTED. The motion to set aside sanctions is DENIED.

**BACKGROUND**

**I.    The Bankruptcy Appeal**

    On January 22, 2007, the trustee in the underlying bankruptcy case, Lois I. Brady, obtained an order from the Bankruptcy Court approving the sale of any claim or interest relating to a specific loan to the debtor, appellant Action Development, LLC, to Scripps Lake Merrit, LLC, ("Scripps"). *See* Docket No. 10, Brady Decl., Exh. A. On February 1, 2007, attorney Cynthia Cox, purporting to represent the debtor (Action Development), Michael Gray (a principal of Action Development), as well as Newtown Construction (an unsecured creditor of the debtor in the bankruptcy proceeding) (collectively "appellants"), filed a motion for reconsideration with the Bankruptcy Court. Brady Decl., Exh. B. On February 26, 2007, the Bankruptcy Court *sua sponte* entered an order denying the motion.

*See* Docket No. 17, Kelly Decl., Exh. U. The Bankruptcy Court found that the motion for reconsideration did not have "sufficient merit to require that it be scheduled for hearing." *Id.*

On March 8, 2007, the appellants filed a Notice of Appeal, in which appellants stated that they were appealing "the Order Denying Motion for Reconsideration of the bankruptcy judge entered on February 26, 2007 . . . " *See* Docket No. 1. No designation of record or statement of issues was filed by appellants within the ten day period after filing appellants' notice of appeal, as required by Bankruptcy Rule 8006. On May 18, 2007, Scripps' counsel wrote to appellants' counsel providing to her a copy of appellee's motion for sanctions, and requesting that she dismiss her appeal within 21 days. Kelly Decl., Exh. Y. Appellants' counsel did not respond.

During this Court's status conference held on June 28, 2007, the Court admonished appellants' counsel that she had until June 29, 2007 to perfect the appeal or this matter may be dismissed. *See* Docket No. 7. Appellants filed a statement of issues on appeal and a designation of the record on appeal on June 29, 2007. Brady Decl., Exh. F. Appellees filed motions to dismiss and for sanctions on July 31 and August 1, 2007, seeking dismissal of the appeal and sanctions on the grounds that 1) the appeal was not perfected in a timely manner; 2) the appeal was based on a meritless motion for reconsideration in which the appellants failed to provide a single legally cognizable argument for the relief sought, making the appeal a waste of judicial resources; and 3) the appeal was moot, as the underlying property has already been sold. *See* Docket No. 9 at 7.

Appellants did not file any opposition or response to either motion, and on October 4, 2007, the Court granted the motion to dismiss as unopposed. *See* Docket No. 22. While the Court denied the motions for sanctions, in the interest of providing appellants with a final chance to avoid sanctions, the Court issued an Order to Show Cause why appellees should not be awarded attorneys' fees and costs incurred in responding to the appellants' bankruptcy appeal as sanctions. *Id.* Appellants were ordered to file a response to the Order to Show Cause no later than 14 days before the November 6, 2007 hearing. *Id.*

Appellants did not respond to the Order to Show Cause. On November 15, 2007, the Court

issued an order awarding appellees attorney's fees and costs incurred in responding to the appeal as sanctions against appellants Michael Gray, Action Development, LLC and Newtown Construction, as well as their counsel of record, Cynthia L. Cox, Esq. and Jon P. Rankin, Esq., jointly and severally. Appellees were ordered to file and serve a motion for allowance of fees describing the services rendered in connection with the motions for dismissal of the appeal within 14 days of the date of the order awarding sanctions. The Court further ordered that "Appellants and their attorneys shall file and serve an opposition to the Motion for Allowance of Fees within 10 days of receipt of the motion," and that appellees may file and serve a reply to the opposition within 7 days of receipt of the opposition.

Appellees timely filed their motions for allowance of attorneys' fees on November 26, 2007. Consistent with their complete disregard of their responsibilities in this case, none of the appellants nor their attorneys of record filed any opposition to the motions for allowance of fees. However, on December 31, 2007, over a month after appellees filed their motions and well after the 10-day deadline to respond had expired, defendant Newtown Construction and its attorney of record, John P. Rankin, filed a motion to set aside the award of sanctions as to Newtown Construction and Rankin. Docket No. 32. Additionally, on January 14, 2008, after they had received appellee's opposition to their motion to set aside the sanctions, Newtown Construction and Rankin filed a belated "opposition" to the motions for allowance of attorneys' fees. Docket No. 41.

## **LEGAL STANDARD**

Rule 60(b) of the Federal Rules of Civil Procedure provides that, upon a party's motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason

1 justifying relief from the operation of the judgment. Fed R. Civ. P. 60(b).

The determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223-4 (9th Cir.2000).

## **ANALYSIS**

Newtown Construction and Rankin move to set aside the order awarding sanctions against them on the grounds of "excusable neglect." In short, Rankin[1] blames counsel of record for the other appellants, Cynthia L. Cox, for Rankin's failure to: 1) either file a dismissal of the underlying appeal or file any response to the motions to dismiss and; 2) file any response to the Court's Order to Show Cause, despite the fact that such response was specifically required by the Order. As Newtown Construction and Rankin articulate their position, "[u]nfortunately, they mistakenly relied upon him [sic] Cynthia Cox to discharge their instructions regarding the dismissal of this appeal and to prepare appellants' response to the Court's October 4, 2007 Order to Show Cause." Mot. to Set Aside at 5. Rankin alleges that Cox assured him that she would withdraw the appeal (which she failed to do), assured him that she would oppose the motions to dismiss (which she failed to do), and then assured him that she would respond to the order to show cause (which she failed to do), all on Newtown Construction and Rankin's behalf.

Rankin claims that on September 17, 2007, Rankin wrote to Cox instructing her to withdraw the appeal on behalf of Newtown Construction. *See* Rankin Declaration ¶ 3 and Ex. A. On September 20, 2007, Cox allegedly reported to Rankin's office that she would file the dismissal. *See* Gottlieb Declaration ¶ 2. On September 28, and again on October 3, 2007, Cox allegedly reported to Rankin's office that the reason the dismissal had not yet been filed was that she was having difficulty uploading the form of dismissal from the Court's website, but that it still would be filed and that if any sanctions

---

[1] While the motion is nominally on behalf of both Newtown Construction and Jon Rankin, this Court will refer to it as "Rankin's motion" as it is utterly devoid of any attestation that Newtown Construction took any steps to rectify the inaction that forms the basis of the order for sanctions.

were ordered Cox's client, appellant Michael Gray would pay them. *See* Gottlieb Declaration ¶¶ 3 & 4. On October 5, 2007, Rankin spoke with Cox, who allegedly acknowledged that she had failed to file the dismissal for Newtown Construction as instructed, but said that she would file a response to the Court's Order to Show Cause, which would seek to overturn the dismissal, and that in opposing the request for sanctions she would bear responsibility for the appeal and "do her best to absolve Newtown Construction and Jon Rankin from any obligation to pay any sanctions." *See* Rankin Declaration ¶ 5. On October 15, and again on October 20, 2007, Rankin's office allegedly confirmed with Cox that she would be filing a response to the Order to Show Clause and in that responses she would absolve Rankin and Newtown Construction of any responsibility for sanctions. *See* Gottlieb Declaration ¶¶ 5 & 6 and Exs. A & B.

   The gravamen of Rankin's motion is that his reliance on Cox's assurances that she would file various pleadings on behalf of Rankin's own client and himself personally constitutes "excusable neglect." Unsurprisingly, Rankin cites no authority in support of this highly suspect proposition. Rather, Rankin argues that he did not "ignore" the Order to Show Cause, because, although he failed to actually file any responses himself as ordered, he communicated with Cox, who allegedly repeatedly assured him that she would file various documents on Rankin's behalf. The logic behind this argument is mysterious. With full knowledge that Cox had failed to withdraw the appeal as promised and then failed to file any opposition to the motions to dismiss as promised, Rankin argues that he was nevertheless "excusably" justified in relying on Cox to file a response to the Order to Show Cause, which was itself the very product of Cox's (and Rankin's) failure to take any action in this matter. Thus, Rankin argues that, despite the fact that he was fully aware of his obligations vis-à-vis the Order to Show Cause, and despite the fact that he was presented with manifest evidence of the falsity of Cox's assurances of filing pleadings on his behalf, he should nonetheless be given a free pass to excusably rely on Cox's apparently inexcusable neglect in failing to respond to the Order to Show Cause.

   This argument is too little, too late. Rankin does not claim that he was not aware of the Order to Show Cause, that he was somehow defrauded by Cox, or that he was mistaken about what was

5

required to be filed on his and his client's behalf. Noting to himself that a response was due, yet failing to ensure that any response was actually filed, is simply the epitome of "ignoring" this Court's order.[2] Rankin's internal ruminations concerning his intentions to have documents filed on his behalf notwithstanding, Rankin cannot escape the unfortunate fruits of his inexcusable neglect by simply pointing to counsel for co-appellants and stating, "it's *her* fault!" Moreover, why any attorney in Rankin's position would believe he was justified in relying on Cox to file pleadings on behalf of *his* client and *himself personally* under these circumstances is beyond comprehension. As the Supreme Court noted in *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993), the determination of what constitutes "excusable" neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. This Court can discern no equity in allowing an attorney to simply sit on his hands and blatantly disregard Court imposed duties, only to escape eventual disapprobation by blaming another attorney for his inaction.[3]

Finally, even assuming *arguendo* that Rankin's reliance on Cox to withdraw the appeal or file a response to the Order to Show Cause constitutes excusable neglect, Rankin makes no attempt to offer any excuse for failing to file an opposition to the motions for allowance of attorneys' fees within the 10-day period prescribed by the Order. Rankin's opposition, filed nearly a month after the period for opposition had elapsed, is therefore inexcusably untimely, and will not be considered by this Court.

## CONCLUSION

Accordingly, appellees' motions for allowance of attorneys' fees [Docket Nos. 26 & 27] are GRANTED. Newtown Construction and Rankin's motion to set aside the sanctions [Docket No. 30]

---

[2] In any case, Rankin's curious focus on the claim that he did not "ignore" this Court's orders is inapposite. The Court did not award sanctions because appellants merely "ignored" the Order to Show Cause. Rather, the Court awarded sanctions because "appellants have utterly *failed to respond* to either the motions to dismiss or the motions for sanctions and, are in direct violation of this Court's Order to Show Cause by *failing to file any response to it*." Docket No. 23 at 4 (emphasis added). Under this Court's standing order, "[t]he failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion." Standing Order No. 8.

[3] Additionally, Rankin provides no argument that the bankruptcy appeal was not, in fact, meritless, or that he had any justifiable reason to believe otherwise.

6

is DENIED. Appellees Scripps Lake Merritt, LLC and Lois I. Brady are awarded $22,104.43 and $8,521.10, respectively, as reasonable attorneys' fees and costs as sanctions pursuant to the Court's November 15, 2007 Order, against appellants Action Development, LLC, Michael Gray, and Newtown Construction, as well as their counsel of record Cynthia L. Cox, Esq. and Jon P. Rankin, Esq, jointly and severally.

IT IS SO ORDERED.

Dated: 2/13/08

*Saundra B Armstrong*
Saundra Brown Armstrong
United States District Judge